Guinness Ohazuruike, Esq.
Nevada Bar No. 11231
GUINNESS LAW FIRM
6845 W Charleston Blvd #A,
Las Vegas, Nevada 89117
Tel:  (702) 473-9300
Fax: (702) 920-8112
guinnesslaw@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

MITCHELL AND COMPANY, INC.

(NEVADA CORPORATION)

Plaintiff,

v.

Lisa Wong, an individual

Boschal Lee, an individual

Shanon Quinley, an individual

And DOES 1 through 50, inclusive,

Defendants,

CASE NO:.

1. CIVIL RICO – 18 U.S.C. § 1962
2. CONVERSION - 28 U.S.C. § 1367
3. UNJUST ENRICHMENT
4. INTERFERENCE WITH ECONOMIC ADVANTAGE
5. BREACH OF FIDUCIARY DUTY
6. AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND FRAUD; 42 U.S.C. § 1985
7. ACCOUNTING;
8. DECLARATORY RELIEF;
9. CIVIL CONSPIRACY TO DEFRAUD; 42 U.S.C. § 1985
10. ABUSE OF PROCESS;
11. INJUNCTIVE RELIEF – RULE 65
12. FRAUD
    A. ACTUAL FRAUD
    B. MISREPRESENTATION

Plaintiff, Mitchell and Company, Inc. ("MITCO") alleges as follows:

INTRODUCTION

1. MITCO was incorporated in Carson City, Nevada on December 17th, 2002 by Defendant, Boschal Lee ("Lee");

PAGE **1** OF **17**

2. MITCO maintained its Principal Executive Office in Carson City, NV since its founding in 2002;
3. MITCO Bylaws, Corporate governance, and shareholder rights also are governed by Nevada law.
4. MITCO's bank accounts are also based in Nevada as all investment activities are derived from MITCO's accounts in Nevada.
5. Defendant Lee spends much of his time in Nevada and has a personal address in Nevada.
6. Since inception, MITCO was capitalized by Lee through a loan he has procured through Chase Bank.
7. In or around February 2014, MITCO purchased real estate in California ("Grand") for approximately $535,000 through the use of its funds and additional investment capital from Lee, loans, and other financings.
8. As Grand was a fixer-upper purchased as a foreclosure from Bank of America, MITCO incurred extensive costs remodeling Grand from 2 bedroom 2 baths to 6 bedrooms 4 baths.
9. Grand property was leased for $4,590 per month from August 2014 to February 2019 – when Defendants Wong and Quinley transferred title away from MITCO (Defendant Lee did not take part in the transferred as Wong signed on behalf of Lee).
10. In 2014, Lee was involved in a dissolution of marriage lawsuit with Defendant, Lisa Wong ("Wong").
11. Defendant Wong, without required consent, entered into an agreement with Defendant Shanon Quniley ("Quinley"), which gave Quinley financial interest in the assets of MITCO in exchange for legal representation in Wong's family dissolution case with Lee.
12. Defendant Quinley misrepresented activities and facts pertaining to MITCO, who was not a party to the family court dissolution action between Wong and Lee, to

    strip Grand property from MITCO along with all of its rents but none of MITCO's expenses or liabilities.

13. Defendant Wong and Quinley transferred the title of Grand property from MITCO to Wong and Lee, and then to Sharon Asadoor in May 2019.

14. Escrow documents show Defendant Wong received $870,000 for the sale of Grand and Defendant Quinley received $58,000 of said proceeds.  Defendant Lee did not receive anything.

15. Wong further procured a judgment where, MITCO is a non-party, to further divide all assets of MITCO.

16. In December 2019, MITCO issued a proxy to Defendant Wong to evidence her ownership shares in MITCO.  Wong did not respond.

17. Today, Wong's ownership interest in MITCO is unknown as her only claim to MITCO is through her community property interest of Lee – but the investment in MITCO was through Lee's loan with Chase (Lee's separate property).

18. Lee appealed Wong's judgment, and although the California Court of Appeal did not reverse the judgment, it stated MITCO is a non-party and is not bound by the judgment under California Civil Procedure §389.

## PARTIES

19. Defendant, Boschal Lee, is the founder, Director and shareholder of Nevada Corp, Mitchell and Company, Inc.

20. Defendant, Lisa Wong, claims to be a shareholder of Mitchell and Company, Inc.

21. Defendant, Shanon Quinley, is the attorney for Lisa Wong in the California Family Law case# GD055619.

## JURISDICTION AND VENUE

22. There are two sources of subject matter jurisdiction in this Court:

    a. The parties' citizenship is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. 5 1332.

b. A substantial part of this action arises under the laws of the United States. 28 U.S.C. $5 1331 and 1337.

23. A substantial part of the events or omissions giving rise to the action including the shareholders contract and conversion of a Nevada corporation occurred in northern Nevada in this district. 28 U.S.C. $ 139 1 (a)(,2).

## UNDISPUTED FACTS

24. Plaintiff, Mitchell and Company, Inc. is a Nevada Corporation
25. Plaintiff, Mitchell and Company, Inc. was not a party to the Family Dissolution case between Defendants, Wong and Lee.
26. Plaintiff, Mitchell and Company, Inc.'s corporate interests are separate and distinct from the disputes and controversies between Defendants, Wong and Lee.
27. Plaintiff, Mitchell and Company, Inc. is the purchaser and titled owner of Grand – the real estate property with address of 2809 and 2811 W. Grand Ave., Alhambra CA 91803
28. Defendants Wong and Quinley transferred title of Grand from Mitco to Wong and Lee, and then to Sharon Asadoor.
29. Mitco did not receive any money or consideration from Defendants.
30. Defendants Wong and Quinley received $870,000 and $58,000 in sales proceeds from Grand.
31. Defendant Wong received rental income from Grand from February 2019 to May 2019.
32. California Court of Appeal opinion (case# B293892) stated "Mitchell and Company, Inc.is NOT bound by the judgment" – CCP §389.

## FIRST CAUSE OF ACTION
### (CIVIL RICO)

33. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 27, inclusive, as though fully set forth herein.

34. Defendants Wong and Quinley willfully and intentionally conspired to engage in a repeated fraud and deceit to secretly engage to covert assets of Mitco to sale and keep the proceeds for themselves.
35. Without Due Process to Mitco, Defendants Wong and Quinley in conduct converted Mitco assets through their enterprise of associates, realtors, escrow agents, and other parties to be named through patterns of racketeering activity (known as "predicate acts") to cause injury to the plaintiff's "business or property".
36. Defendants Wong and Quinley willfully violated Code of Civil Procedures §389 to deprive Mitco of Due Process and violate its Constitution Rights under the Fifth and Fourteenth Amendments.
37. Defendants Wong and Quinley willfully violated California Family Code 2034 in conduct to give Quinley claims on Mitco assets.
38. Defendants Wong and Quinley willfully violated California Bar Rule 1.5 (c ) in conduct to exchange legal services for claims on property settlement in family court.
39. Defendants Wong and Quinley contracted with their enterprise associates to liquidate Mitco assets and prevented Defendant Lee or Mitco from having knowledge of the transaction (Quinley email).
40. Defendants Wong and Quinley perjured their testimonies to the following:
    a. The liabilities of Mitco (Defendants coverted Mitco assets at gross value excluding any liabilities);
    b. The expenses of Mitco (Defendants coverted Mitco assets at gross value excluding any expenses);
    c. The construction of Grand (Defendants claimed there were no evidence of construction).
    d. The assets of Mitco (Defendants coverted Mitco assets exceeding the actual value of the assets);

    e. Defendants Wong and Quinley perjured their testimonies regarding Wong's ownership interests of Mitco assets.

41. Defendant Wong and Quinley kept all the proceeds of the sale of Grand and paid $171,620.31 to associates involved in the transaction.

42. Mitco received nothing from the transaction or from any of the Defendants.

## SECOND CAUSE OF ACTION
## (CONVERSION)

43. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 37, inclusive, as though fully set forth herein.

44. On or about May 15th, 2019, in violation of Mitco's Bylaws, without notice, approval, or authorization from Mitco or its representatives, Defendants Wong, with assistance from Defendant Quinley, executed a deed transfer of Mitco asset (Grand) to herself and Defendant Lee. In doing so, said Defendants looted, removed, and misappropriated Mitco's asset and the rental proceeds derived from more than $735,000 of costs including renovations and other expenses.

45. On or about February 5th, 2019, Defendants Wong with the assistance of Defendant Quinley converted rental payments from the tenants of Mitco to themselves.

46. The personal property of Mitco (Grand) was converted by said Defendants.

47. Defendants Wong and Quinley intentionally and substantially interfered with Mitco's ownership of such personal property.

48. Mitco did not consent in any manner to said Defendants Wong and Quinley taking the personal property at issue for their own use and benefit.

49. Defendants Wong and Quinley are vicariously liable to Mitco for the harm caused to it as a result of said Defendants' conversion of Mitco's personal property.

50. In the alternative, Defendants Wong and Quinley are liable to Mitco for the harm caused to it as a result of the conversion of Mitco's personal property committed

by their enterprise associates who are apparent ostensible agents of Defendants Wong and Quinley.

51. As a direct and proximate result of the unlawful misconduct of Defendants Wong and Quinley, Mitco has suffered, and will continue to suffer, damages in excess of this Court's jurisdictional minimum. Mitco cannot ascertain at this time the full nature, extent or amount of damages suffered by said Defendants' misconduct other than that the sum exceeds this Court's jurisdictional minimum. Mitco will amend this Complaint to set forth the full amount of the damages when they are ascertained or according to proof at trial.

52. The conduct by Defendants Wong and Quinley, was undertaken with the intent to injure Mitco and deprive it of its property, or with a willful and conscious disregard of Mitco's rights as such malicious conduct is defined in NV Rule 42.005 (California Code of Civil Procedure section 3294). Mitco is entitled to punitive and exemplary damages against said Defendants for the sake of example and to punish them for their unlawful conduct.

### THIRD CAUSE OF ACTION
### (UNJUST ENRICHMENT)

53. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 47, inclusive, as though fully set forth herein.

54. Defendants Wong, Quinley, and DOE Defendants have wrongfully misappropriated, looted, confiscated, received, and are withholding property, proceeds, and profits which rightfully belong to Mitco.

55. Defendants Wong and Quinley received benefits and personal properties (Grand) and other assets conferred/converted to the said Defendants from Plaintiff;

56. Defendants Wong and Quinley accepted and appreciated the benefit of Mitco's assets. And it is unjust not to require said Defendants to not pay for Mitco's assets. Thus, Mitco is entitled to payment. The amount of payment should be the market value of the property, which will be proof up at trial.

57. Defendants Wong and Quinley accepted and retained the benefits of Mitco's assets in circumstances where it would be inequitable to retain the benefit without payment.
58. Mitco incurred expenses and liabilities to procure and maintain its assets.
59. Said Defendants have not filed any accounting or reports for and/or pay to Mitco for the value derived therefrom. Mitco received nothing for its assets while Defendants Wong and Quinley along with their enterprise associates received more than $870,000.
60. As a result of said Defendants' wrongful acts and conductgs, said Defendants have been unjustly enriched to the detriment of Mitco.  Mitco therefore demands restitution and judgment against said Defendants in an amount to be determined at trial according to proof.

## FOURTH CAUSE OF ACTION
### (INTERFERENCE WITH ECONOMIC ADVANTAGE)

61. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 55, inclusive, as though fully set forth herein.
62. As the titled owner and purchaser of Grand, Mitco has a contractual relationship with its  tenants to pay rent of $4,590 per month.
63. Defendants Wong and Quinley had knowledge of the Mitco's tenant / landlord relationship AND value of Mitco's assets.
64. Defendants Wong and Quinley intent to harm Mitco by preventing the relationship between Mitco, its assets and its tenants.
65. Defendants Wong and Quinley do not have privilege or justification to interfere with Mitco's assets or its relationship with its tenants.
66. Mitco suffered actual harm as a result of the defendant's conduct.
67. As a direct and proximate result of the unlawful misconduct of Defendants Wong and Quinley, Mitco has suffered, and will continue to suffer, damages in excess of this Court's jurisdictional minimum. Mitco cannot ascertain at this time the full

nature, extent or amount of damages suffered by said Defendants' misconduct other than that the sum exceeds this Court's jurisdictional minimum. Mitco therefore demands restitution and judgment against said Defendants in an amount to be determined at trial according to proof.

FIFTH CAUSE OF ACTION

(BREACH OF FIDUCIARY DUTY)

68. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 60, inclusive, as though fully set forth herein.
69. As a result of Defendant Wong's alleged status as shareholder of Mitco, she had a fiduciary duty to Mitco and were duty bound to act with the utmost good faith for the benefit of Mitco.
70. By reason of their fiduciary duty to Mitco, Mitco relied upon Defendant Wong as a shareholder to deal fairly and honestly within her capacity as the fiduciary, and Mitco's reliance was reasonable and justified.
71. Defendant Wong took steps designed to prevent Mitco from being represented or have knowledge of her actions by, among other things, failing to request consent for distribution of Mitco's assets, kept other shareholders in ignorance of the sale transaction of Grand and other assets, interfered with the lease agreements of Mitco's tenants, entered into illegal agreements by conduct of promising Defendant Quinley and other associates (DOE Defendants) financial interest in Mitco assets.
72. Defendant Wong breached her fiduciary duty to Mitco by converting Mitco's assets without accounting for or reporting such income, converting and misappropriating Mitco assets to herself and her associates for their own personal gain and benefit, and jeopardizing Mitico's financial stability by depriving Mitco's ability to continue its business activities.
73. As a direct and proximate result of the unlawful misconduct of Defendant Wong, Mitco has suffered, and will continue to suffer, damages in excess of this Court's

jurisdictional minimum. Mitco cannot ascertan at this time the full nature, extent or amount of damages suffered by said Defendants' misconduct other than that the sum exceeds this Court's jurisdictional minimum. Mitco will amend this Complaint to set forth the full amount of the damages when they are ascertained or according to proof at trial.

74. The conduct by Defendant Wong has undertaken with the intent to injure Mitco and deprive it of its property, or with a willful and conscious disregard of Mitco's rights as such malicious conduct is defined in NV Rule 42.005 (California Code of Civil Procedure section 3294).  Mitco is entitled to punitive and exemplary damages against said Defendants for the sake of example and to punish them for their unlawful conduct.

## SIXTH CAUSE OF ACTION

(AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND FRAUD)

75. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 67, inclusive, as though fully set forth herein.

76. Defendant Quinley and DOE Defendants have aided and abetted Defendant Wong to commit fraud and breached their fiduciary duty to Mitco by, among other things, engaging in the acts set forth hereinabove by enabling Defendant Wong to illegally manage and operate the Mitco assets for the purpose to enrich themselves at the expense of Mitco, without a care or concern for whether Mitco was harmed in the process.

77. As a result of the aforementioned conduct, Mitco was irreparably injured and looted by Defendants who have misappropriated over a million dollars which should have been for the benefit of Mitco and engaged in business dealings between them to the detriment of Mitco and to Defendants' own benefit.

78. Mitco is informed and believes, and on that basis alleges, that Defendant Quinley and DOE Defendants conspired and aided and abetted Defendant Wong to enable

them to illegally convert and manage Mitco assets to obtain substantial benefits to themselves and to the detriment of Mitco.

79. As a direct and proximate result of the unlawful misconduct of Defendant Wong, Mitco has suffered, and will continue to suffer, damages in excess of this Court's jurisdictional minimum. Mitco cannot ascertain at this time the full nature, extent or amount of damages suffered by said Defendants' misconduct other than that the sum exceeds this Court's jurisdictional minimum. Mitco will amend this Complaint to set forth the full amount of the damages when they are ascertained or according to proof at trial.

80. The conducts by Defendants Wong, Quinley, and DOE Defendants have undertaken with the intent to injure Mitco and deprive it of its property, or with a willful and conscious disregard of Mitco's rights as such malicious conduct is defined in NV Rule 42.005 (California Code of Civil Procedure section 3294). Mitco is entitled to punitive and exemplary damages against said Defendants for the sake of example and to punish them for their unlawful conduct.

## SEVENTH CAUSE OF ACTION
### (ACCOUNTING)

81. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 75, inclusive, as though fully set forth herein.

82. As a result of Defendants Wong, Quinley, and DOE Defendants conversion of Mitco assets, and their financial misappropriations and efforts to hide the evidence of their misappropriations from Mitco, Mitco is entitled to an accounting from said Defendants, which is required to cooperate with such accounting of the books and records of said Defendants and any other entity which is owned and controlled by them through which they perpetuated their misappropriations and conducts derived from Mitco assets.

83. The amount of all the assets and liabilities of Defendants Wong, Quinley and any other DOE Defendants or entity which is owned and controlled by them through

which they perpetuated their misappropriations from Mitco assets are unknown to Mitco and cannot be ascertained without an accounting of the profits, losses and expenditures that occurred during the time said Defendants conducted their misappropriations.

## EIGHTH CAUSE OF ACTION
### (DECLARATORY RELIEF)

84. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 78, inclusive, as though fully set forth herein.

85. An actual controversy has arisen and now exists between Mitco, on the one hand, and Defendant Wong, on the other hand.  Mitco contends that Defendants Quinley and DOE Defendants have aided and abetted Defendant Wong in using misconduct including and not limited to Abuse of Process to take Mitco's assets without Due Process (see Tenth Cause of Action).

86. Mitco is informed and believes, and on that basis alleges, that said Defendants deny such allegations.

87. Mitco seeks a declaration of its rights with respect to the assets taken by Defendants, namely its titled ownership and investments in Grand, its ownership of depository accounts, and its liabilities and expenses.

88. A judicial declaration is necessary and appropriate so that the parties can ascertain their rights and obligations to each other.

## NINTH CAUSE OF ACTION
### (CIVIL CONSPIRACY TO DEFRAUD)

83. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 82, inclusive, as though fully set forth herein.

84. Defendants Wong, Quinley and DOE Defendants agreed and knowingly and willfully conspired and acted in concert between and among themselves to defraud Mitco and allow said Defendants to manage and sale Mitco assets to enrich themselves at the expense of Mitco.

85. Mitco has suffered, and will continue to suffer, damages in excess of this Court's jurisdictional minimum. Mitco cannot ascertain at this time the full nature, extent or amount of damages suffered by said Defendants' misconduct other than that the sum exceeds this Court's jurisdictional minimum. Mitco will amend this Complaint to set forth the full amount of the damages when they are ascertained or according to proof at trial.
86. The conducts by Defendants Wong, Quinley, and DOE Defendants have undertaken with the intent to injure Mitco and deprive it of its property, or with a willful and conscious disregard of Mitco's rights as such malicious conduct is defined in NV Rule 42.005 (California Code of Civil Procedure section 3294). Mitco is entitled to punitive and exemplary damages against said Defendants for the sake of example and to punish them for their unlawful conduct.

## TENTH CAUSE OF ACTION
### (ABUSE OF PROCESS)

87. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 86, inclusive, as though fully set forth herein.
88. Defendants Wong and Quinley had an ulterior purpose of converting Mitco assets to themselves as their basis for bringing their legal action against Defendant Lee – but NOT against Mitco.
89. Defendants Wong and Quinley were engaged in an Abuse of Process because the lawsuit was based on conversion of Mitco assets rather than resolving a dispute between Wong and Lee.
90. Defendants Wong and Quinley deliberately used the legal process not proper in the regular conduct of family dissolution proceedings.
91. Since at least November 2016, Defendants Wong and Quinley made an agreement, evidenced through conduct, where Wong wouldn't pay Quinley her legal fees in exchange for giving Quinley financial interest in Mitco assets (violation of California Bar Rule 1.5 (c) and Family Code 2034).

92. Defendant Quinley became a financial interloper with a personal financial interest in non-party Mitco.
93. From 2016 to the liquidation of Mitco assets in 2019, Defendant Wong paid Defendant Quinley next to nothing, but granted Quinley $58,000 from the sales proceeds of Grand escrow (Exhibit ___ Grand Closing).
94. Defendants Wong and Quinley used a scam by illegally using Defendant Lee as the "de facto" representative of Mitco to claim ownership interests in Mitco assets.
95. Defendants Wong and Quinley's ulterior motive was to successfully misrepresent Wong's ownership interests ONLY in the assets, but not the shares of Mitco as Mitco had expenses and liabilities that would offset its assets.
96. The conducts by Defendants Wong, Quinley, and DOE Defendants have undertaken with the intent to injure Mitco and deprive it of its property, or with a willful and conscious disregard of Mitco's rights as such malicious conduct is defined in NV Rule 42.005 (California Code of Civil Procedure section 3294). Mitco is entitled to punitive and exemplary damages against said Defendants for the sake of example and to punish them for their unlawful conduct.

ELEVENTH CAUSE OF ACTION

(INJUNCTIVE RELIEF)

97. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 96, inclusive, as though fully set forth herein.
98. Mitco is informed and believes, and based thereon alleges, that unless Defendant Wong is enjoined by this Court from enforcing her judgment against Mitco's assets and other issues directly or indirectly relating to Mitco, said Defendant will continue to dissipate, misappropriate the proceeds therefrom, fail to and account for the proceeds, and attempt to circumvent issues of this litigation. If such conduct continues, Mitco will be irreparably impaired and/or materially prejudiced and injured.

99. Mitco requests the issuance of a temporary restraining order, preliminary and permanent injunction enjoining Defendant Wong, from enforcement of the judgment items directly or indirectly affecting or representing Mitco's assets, liabilities, expenses, or any other form that relates to Mitco.

100. Mitco further request that Defendant Wong produce for inspection, forensic examination and copying all the records and books evidencing the current location of all assets belonging to Mitco as well as the current location of all assets of the Mitco disposed of, converted or used by Defendants, and cooperate in full with Mitco.

## TWELTH CAUSE OF ACTION
### (FRAUD – ACTUAL AND MISREPRESENTATION)

101. Mitco realleges and incorporates by this reference each and all of the allegations set forth in Paragraph 1 through 100, inclusive, as though fully set forth herein.

102. Defendant Wong and Quinley falsified their testimonies to the liabilities and expenses of Mitco. Said Defendants knew Mitco had expenses and liabilities but falsely claimed Mitco to not have any evidence of liabilities and expenses to claim gross value of Mitco's assets, without Mitco being legally represented.

103. Defendants Wong and Quinley falsified their testimonies to claim ownership shares in Mitco assets. Mitco was capitalized by Defendant Lee through his separate loan with Chase bank. Mitco was further capitalized through loans and investments with third parties. Defendant Wong had not invested any money in Mitco.

104. Defendants Wong and Quinley further falsified their testimonies and pleadings there were no construction and loans of Mitco asset Grand when they knew this to be false at the time the representations were made.

105. Defendants Wong and Quinley's misrepresentations were material to their scheme of conversion of Mitco assets at gross value without any offset of liabilities or expenses.

106. Defendants Wong and Quinley knew their representations were false or they have knowledge of the representation's falsity but reckless ignored the truth. False representations made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered.

107. Defendants Wong and Quinley willfully falsified their testimonies for their personal gain to induce a higher value of Mitco assets than otherwise would be allowed under the law – which would be zero as Defendant Wong's ownership interest, if any, are in the shares of Mitco, NOT its assets.

108. As Mitco was purposely excluded as a party to the legal proceedings by Defendants Wong and Quinley, the willful fraudulent acts of Defendants Wong and Quinley induced a favorable ruling to the detriment of Mitco. Mitco suffered the loss of all of its assets to the benefit of said Defendants.

109. The conducts by Defendants Wong and Quinley have undertaken with the intent to injure Mitco and deprive it of its property, or with a willful and conscious disregard of Mitco's rights as such malicious conduct is defined in NV Rule 42.005 (California Code of Civil Procedure section 3294). Mitco is entitled to punitive and exemplary damages against said Defendants for the sake of example and to punish them for their unlawful conduct.

## PRAYER

WHEREFORE, Mitco prays for relief on All Causes of Action as follows:

1. For general damages in an amount according to proof.
2. For interest thereon at the legal rate.
3. For punitive and exemplary damages according to proof.
4. For an accounting.

5. For a declaration of the rights, duties, and obligations of Mitco and Defendants.

6. For injunctive relief to cease Defendants' enforcement of judgment on any and all issues relating to Mitco, its assets, representations, liabilities, or expenses.

7. For such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY

Plaintiff exercises the right under the United States Constitution and applicable statutes and requests that all issues of fact in this action be determined by a jury.

DATED: September 17, 2021

*/s/Guinness Ohazuruike*
Guinness Ohazuruike, Esq.
GUINNESS LAW FIRM
6845 W Charleston Blvd #A,
Las Vegas, Nevada 89117
Tel:  (702) 473-9300
Fax: (702) 920-8112
guinnesslaw@gmail.com
___