UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MITCHELL AND COMPANY, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>LISA WONG, an individual; BOSCHAL LEE, an individual; SHANON QUINLEY, an individual; and DOES I-50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00426-RCJ-CSD<br><br>ORDER |

Before the Court is Defendants Lisa Wong and Shanon Quinley's joint motion to dismiss (ECF No. 6) for lack of personal jurisdiction. For the reasons explained below, the Court grants Wong and Quinley's joint motion to dismiss and denies all other pending motions as moot.

Plaintiff Mitchell and Company, Inc. ("Mitchell") was a Nevada corporation until its dissolution. ECF No. 11 at 6. Defendant Lee founded and ran the company while he was married to defendant Wong. *Id.* During their divorce proceedings, a California court found that Mitchell was wholly owned by Wong and Lee and was community property. ECF No. 10-1 at 5. Accordingly, the court ordered that Mitchell's asset, a piece of real estate in California commonly referred to as "the Grand," was to be conveyed to Wong and Lee as tenants in common and then sold so that the proceeds from the sale could be divided as part of Wong and Lee's community property. *Id.* Defendant Quinley represented Wong throughout the divorce proceedings, including when the Grand was sold and the proceeds were divided. ECF No. 6-2 at 3. In this suit, Mitchell alleges through a myriad of claims that Wong and Quinley conspired to convert and deprive

Mitchell of the Grand. *See* ECF No. 1. Mitchell's complaint names Lee as a defendant but does not specifically address Lee in the causes of action. *Id.*

The question now before the Court is whether the Court has personal jurisdiction over Wong and Quinley.[1] To determine if personal jurisdiction exists, the Court must apply Nevada's long arm statute. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Nev. Rev. Stat. § 14.065 is coextensive with federal due process requirements and permits the Court to exercise personal jurisdiction over a defendant if it would not offend "traditional notions of fair play and substantial justice." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (quotation omitted). Consistent with this standard, a court may exercise personal jurisdiction over an individual when the individual either is domiciled within the forum state, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); was served within the forum state, Fed. R. Civ. P. 4(k)(1); consents to personal jurisdiction, *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 695, 703 (1982); or has sufficient minimum contacts with the forum state to establish specific jurisdiction, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). Here, the Court's exercise of personal jurisdiction is dependent on whether Wong and Quinley had sufficient minimum contacts with Nevada to establish specific jurisdiction because both are domiciled in California, neither were served in Nevada, and neither consented to personal jurisdiction.[2] *See* ECF No. 6.

The Ninth Circuit employs a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arise out of or relates to the defendant's forum-related activities; and

---

[1] Lee has consented to the Court exercising personal jurisdiction over him.
[2] Mitchell argues that Wong's domicile is Nevada because of her status as a Nevada-corporation shareholder. ECF No. 12 at 3–4. However, Wong's status as a shareholder has no bearing on her domicile, which is determined by where she maintains her permanent place of abode. Evidence presented to the Court through affidavit confirms that Wong maintains her permanent place of abode in California. ECF No. 6-1 at 2.

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). When a plaintiff's claims sound in tort, such as here,[3] the Court applies a "purposeful direction" test to determine if the plaintiff satisfied the first two prongs of the specific jurisdiction analysis. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Under that test, personal jurisdiction exists if the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant [knew was] likely to be suffered in the forum state." *Id.* at 1214 (quotation omitted).

After review of the record, the Court finds that Mitchell failed to identify any contacts that Wong and Quinley had with Nevada that relate to its claims and establish personal jurisdiction. Wong and Quinley's only connection to Nevada is Wong's status as a shareholder of Mitchell, which is a Nevada corporation.[4] But this fact alone does not establish personal jurisdiction because the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."[5] *Walden v. Fiore*, 571 U.S. 277, 285 (2014). As the record clearly shows, all of Wong and Quinley's contacts were with California: the Grand is in California; it was sold pursuant to a court order issued by a California court; and all actions that Wong and Quinley took in relation to that property occurred in California. The record is void of any evidence that Wong and Quinley had contacts with Nevada or expressly aimed their actions at the state. Though Wong and Quinley's actions impacted a Nevada corporation, this alone is not enough to satisfy the purposeful direction test when all their actions were directed toward

---

[3] Mitchell's complaint contains causes of action for: (1) Civil RICO; (2) Conversion; (3) Unjust Enrichment; (4) Interference with Economic Advantage; (5) Breach of Fiduciary Duty; (6) Aiding and Abetting Breach of Fiduciary Duty and Fraud; (7) Accounting; (8) Declaratory Relief; (9) Civil Conspiracy to Defraud; (10) Abuse of Process; (11) Injunctive Relief; and (12) Actual Fraud and Misrepresentation. ECF No. 1. The Court finds that each of these claims sound in tort because they revolve around the conversion of Mitchell's asset, the Grand property, and do not relate to or arise from a contract.

[4] Mitchell argues that Wong agreed to a forum selection clause as shareholder of the corporation. However, the single page of Mitchell's bylaws that it provides to support this argument states: "In the event and to the extent of any conflict between the provisions of these bylaws and any mandatory requirements of the General Corporation Law of Nevada, . . . the latter shall govern and all other provisions of the bylaws not in conflict thereof shall continue in full force and effect." ECF No. 12-1 at 2.This provision can be construed at most to contain a choice of law provision and does not support establishing personal jurisdiction.

[5] Because the Court is unpersuaded by Mitchell's argument that Wong's status as a shareholder establishes personal jurisdiction, it does not reach Mitchell's argument that Quinley also enjoyed shareholder status as a co-conspirator.

3

California and property located there. Thus, the Court finds that Mitchell failed to meet its burden of showing that Wong and Quinley have sufficient minimum contacts with Nevada to establish specific jurisdiction.

Accordingly, the Court grants Wong and Quinley's motion to dismiss for lack of personal jurisdiction.

IT IS THEREFORE ORDERED that Wong and Quinley's motion to dismiss for lack of personal jurisdiction is granted.

IT IS FURTHER ORDERED that Quinley's special motion to dismiss and alternative motion for summary judgment (ECF No. 18) and Wong's motion for joinder (ECF No. 28) are denied as moot.

IT IS SO ORDERED.

DATED this 24th day of August, 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE