UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL AND COMPANY, INC. (NEVADA CORPORATION),<br><br>    Plaintiff,<br><br>v.<br><br>LISA WONG, an individual<br>BOSCHAL LEE, an individual<br>SHANON QUINLEY, an individual<br>and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 3:21-CV-00426-RCJ-CSD<br><br>**ORDER** |

    Before this Court is Defendant's Motion for Rule 54(b) Certification. This Court dismissed this Action against Defendant Lisa Wong and Defendant Shanon Quinley for lack of personal jurisdiction. (ECF No. 45). Defendant Boschal Lee has not responded to the Complaint because he controls the Plaintiff corporation. Additionally, Defendant Boschal Lee will likely refuse to respond to this Action to keep this lawsuit going against his ex-wife and Co-Defendant. Accordingly, the Court will **GRANT** Defendant's Motion for Rule 54(b) Certification.

///

///

## DISCUSSION

No party has disputed the factual background as stated in the prior Order dismissing the Action for a lack of personal jurisdiction and the Order denying the Motion for Reconsideration of the dismissal. (ECF Nos. 45, 60). The Court recites these facts for context:

> Plaintiff Mitchell and Company, Inc. ("Mitchell") was a Nevada corporation until its dissolution. (ECF No. 11 at 6). Defendant Lee founded and ran the company while he was married to defendant Wong. (*Id.*) During their divorce proceedings, a California court found that Mitchell was wholly owned by Wong and Lee and was community property. (ECF No. 10-1 at 5). Accordingly, the court ordered that Mitchell's asset, a piece of real estate in California commonly referred to as "the Grand," was to be conveyed to Wong and Lee as tenants in common and then sold so that the proceeds from the sale could be divided as part of Wong and Lee's community property. (*Id.*) Defendant Quinley represented Wong throughout the divorce proceedings, including when the Grand was sold and the proceeds were divided. (ECF No. 6-2 at 3). In this suit, Mitchell alleges through a myriad of claims that Wong and Quinley conspired to convert and deprive Mitchell of the Grand. See (ECF No. 1). Mitchell's complaint names Lee as a defendant but does not specifically address Lee in the causes of action. (*Id.*)

(ECF No. 45 at 1-2). Under those facts and the corresponding arguments in the briefing on the Motion to Dismiss, the Court granted the Motion to Dismiss for a lack of personal jurisdiction. (*Id.*) Plaintiff moved under Rule 59(e) to ask this Court to reconsider the Order granting the Motion to Dismiss. (ECF No. 48). The Court denied that motion because Plaintiff did not meet its burden. (ECF No. 60).

Defendant Boschal Lee ("Defendant Lee"), who owns, operates, and controls the Plaintiff corporation, has not moved to dismiss this Action. Defendant Lee will likely never dismiss the lawsuit because he wants to continue to litigate against his ex-wife. Because Defendant Lee has not dismissed the Action, Plaintiff (but really Defendant Lee) gets to continue this Action against Defendant Lee. Defendant Quinley and Wong ask this Court to render final judgement on this Action to cease any further litigation.

A Motion for Final Judgement under rule 54(b) is warranted where a District Court determines there is no reason for delay. Fed. R. Civ. P. 54(b). Under Rule 54(b), the District Court must determine whether a final judgement exists. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). There must be a decision upon a claim for relief and the District Court must ensure that there is an ultimate disposition of the claims in an action. *Id*. After making that finding, the District Court must then determine whether there is any just reason for delay. *Id*.

Here, the Court determined that personal jurisdiction did not exist and dismissed the Action. (ECF No. 45). The Court made a decision upon the claims for relief and disposed of the Action. What is remaining is Defendant Boschal's liability. But, as mentioned previously, Defendant Boschal owns, operates, and controls the Plaintiff corporation. Defendant Boschal also harbors animus towards one of his fellow defendants because she is his ex-wife. For that reason, Defendant Boschal will likely never move to dismiss this Action. Without a doubt, there is no just reason for delay. Therefore, the Court finds that a final judgment exists and there is no just reason for delay. The Court grants Defendant Wong and Quinley's Motion for Rule 54(b) Certification.

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Rule 54(b) Certification is **GRANTED**. (ECF No. 51).

IT IS FURTHER ORDERED that the clerk of the Court shall close this case. Case No. 3:21-CV-00426-RCJ-CSD.

IT IS SO ORDERED.

Dated this 14th day of August 2023.

_____
ROBERT C. JONES
United States District Judge